FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 2 5 2005 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
ANTHONY POLITO,

               Petitioner,               03 CR 0191 (SJ)

    -against-                         ORDER

UNITED STATES OF AMERICA,

               Respondent.
-----------------------------------------------X

MAIL TO:

ANTHONY POLITO
#69854-053
FPC Lewisburg - Unit Two
P.O. Box 2000
Lewisburg, PA 17837
Petitioner *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Bridget Michael Rohde
        Joseph Lipton
Attorneys for Respondent

JOHNSON, Senior District Judge:

      Pro se Petitioner Anthony Polito moves to correct a sentence imposed by the Court under docket number 03 CR 0191. Since the criminal case is now closed, the proper jurisdictional basis for the instant application is 28 U.S.C. § 2255. Section 2255

1

provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

The Court would normally treat the instant application as a motion under § 2255. However, the Second Circuit has cautioned the district court against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive applications for the writ without the Circuit Court's permission. Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam). As the Second Circuit has explained:

> AEDPA places stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus under either 28 U.S.C. § 2254 or § 2255. Second or successive applications may be heard only if they involve newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. *See* 28 U.S.C. §§ 2255, 2244(b). If a district court receiving a motion under some other provision of law elects to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as a "second" § 2255. Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated.

Adams, 155 F.3d at 583. The Second Circuit therefore ruled that "a motion

2

purportedly made under some other rule" should not be:

> recharacterize[d] ... as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Id. at 584.

In the instant case Petitioner characterized submission as a "Motion to Correct, Vacate, Or Set Aside Petitioner's Sentence pursuant to Title 28 U.S.C. 2255." (Pet'r Mot., at 1.) This Court believes that the logic of Adams nevertheless applies, requiring the Court to warn Petitioner of the consequences of characterization of his request as a § 2255 motion. Accordingly, Petitioner is hereby notified that the Court finds that the instant motion should be construed as a motion under 28 U.S.C. § 2255.

Petitioner may withdraw the petition if he does not wish to pursue relief under § 2255. Should Petitioner choose to withdraw the petition, he must notify the Court in writing within thirty (30) days of receipt of this order. Before Petitioner decides to withdraw the instant petition, the Court advises him that any motion or petition under § 2255 must be filed within the one-year statute of limitation period set forth below.[1]

---

[1] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

3

All further proceedings shall be stayed for 30 days from the date of the instant Order. If Petitioner fails to notify the Court within 30 days that he wishes to withdraw this petition, it shall be adjudicated as a motion under § 2255.

Upon the expiration of the 30 day period and absent Petitioner's withdrawal of his petition, the Clerk of Court is directed to open a civil case under which this Order and the Petition on which it is based will be redocketed.

SO ORDERED.

s/SJ

Dated: May 17, 2005
      Brooklyn, New York

                              Senior U.S.D.J.

---

the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

P-049